# Sloss-Sheffield Steel & Iron Co. *v.* Russell.

## *Injury to Servant.*

(Decided April 23, 1914. 65 South. 137.)

*Master and Servant; Injury to Servant; Pleas; Contributory Negligence.*—Where the action was by an employee for injuries sustained while driving cars along an air course in a mine due to an obstruction negligently placed in the air course without the knowledge of the servant, a plea setting up that such employee was guilty of negligence proximately contributing to his injuries in that it was his duty to keep a lookout to discover and avoid injury from obstructions, and that he negligently failed to keep such lookout, and thereby failed to discover the obstruction in time to avoid the injury, thereby proximately causing the injury, but which failed to allege that the obstruction could have been discovered, or the injury avoided by keeping a lookout, was subject to the demurrer interposed.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by Albert Russell, by next friend, against the Sloss-Sheffield Steel & Iron Company for damages for injury received while in its employment. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts made by the complaint are that it was plaintiff's business to drive cars loaded with coal and pulled by mules along an air course in the mine leading to an entry therein, and that in such work plaintiff had to pass a trapdoor in said air course, and that Ben Card, superintendent in the mine, while engaged in such superintendence, negligently caused cars to be placed in the air course between the entry and the trapdoor, without the knowledge of plaintiff, and that while plaintiff was driving along the air course, and without seeing the cars or knowing of their presence, drove his mule upon or against the cars so placed, and had his foot and ankle badly injured.

The sixth plea is as follows: "Defendant says that plaintiff is guilty of negligence which proximately caused his injury, in this, that it was his duty to keep a lookout along the track in front of him, to discover and avoid injury from obstructions therein, and that plaintiff negligently failed to keep such lookout, and thereby failed to discover the obstruction in time to avoid injury, and thereby proximately caused the injury."

Transferred from Court of Appeals under section 6 of the Acts of 1911, p. 449.

BANKHEAD & BANKHEAD, for appellant. Counsel insist that plea 6 was good and not subject to the demurrers interposed, but cites no authority in support thereof.

DAVIS & FITE, for appellee. There is no serious insistence of error, and under the authority of *Collier v. T. C. I. & R. R. Co.,* 46 South. 487, the judgment should be affirmed.

ANDERSON, C. J.—The only error insisted upon in brief of appellant's counsel is as to the action of the court in sustaining the plaintiff's demurrer to defendant's special plea 6. Said plea 6, if not otherwise bad, was defective for failing to aver that the obstruction could have been discovered or that the injury could have been avoided by keeping a lookout, and was subject to the plaintiff's first ground of demurrer interposed thereto.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and GARDNER, JJ., concur.

